

IN THE UNITED STATES EASTERN DICTRICT COURT
FOR THE DISTRICT OF PENNSYLVANIA

| Kevin Seawright | : | CIVIL TRIAL |
| --- | --- | --- |
| Plaintiff, | : | |
| vs. | : | CASE No. 18-4811 |
| Officer Patrick Banning, John | : | |
| John/Jane Doe Officers 1-7 | : | |
| Defendants. | : | |

FILED
NOV 07 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## COMPLAINT

1. Plaintiff Kevin Seawright ("Seawright") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via Sections 1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Kevin Seawright**, an individual and resident of the United States of America, and resident of the Commonwealth of Pennsylvania, living at 4323 North Darien Street Philadelphia, PA 19140.

NOV 07 2018

## DEFENDANTS

6. Defendant is **Patrick Banning**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendant is **Jane/John Does 1-7**, police officers for the Philadelphia Police Department, who live and reside in the Commonwealth of Pennsylvania and participated in the investigation, stop, seizure, arrest, and prosecution of the Plaintiff.

## FACTUAL BACKGROUND

8. At all relevant times the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

9. On October 5, 2017, Plaintiff was sitting on the steps outside of his house at, 4323 North Darien Street, located within the City and County of Philadelphia, Pennsylvania with a few other individuals, including his sister Ashley Seawright.

10. Unknown to Plaintiff, Philadelphia Police Officers, including Defendant Banning and other members of the Philadelphia Police Department, were conducting a narcotics sales investigation on the block in which Plaintiff was sitting.

11. Defendant Banning claimed to have observed the Plaintiff while sitting with other persons engaged in conversation, that unknown individuals, some of who were later identified came up to the Plaintiff and the group of people he was with and engaged in conversation.

12. Defendant Banning did not hear any of the conversations which occurred.

13. Defendant Banning then claimed he saw the Plaintiff walk into the middle of the street and look in both directions before he said something to one of the people in the group he was sitting with, at which time the people he was sitting with, made a drug transaction.

14. Defendant Banning claims to have seen what he believes to be an unknown amount of United States currency exchanged for small unknown objects.

15. Defendant Banning claims to have witnessed two similar patterns of conduct in which persons whom the Plaintiff was sitting near accepted what is believed to be United States currency in exchange for small unknown objects.

16. Defendant Banning never saw the Plaintiff accept any money from persons who approached his group, from other members of the group he was sitting with, nor did he ever see the Plaintiff exchange any objects with any other person.

17 Defendant Banning testified Plaintiff was not physically near the persons conducting the alleged drug transactions while the exchanges were occurring and that he did not hear any conversation between Plaintiff and any other individual.

18. After making his observations, Defendant Banning, along with other members of the Philadelphia Police Department (John/Jane Does 1-7), proceeded to stop, seize, detain, arrest, process, and initiate prosecutions against the Plaintiff[1] and the persons he was sitting next to including Ashley Seawright.

19. After Plaintiff was arrested, he was charged with 1 count each of possession with intent to distribute a controlled substance[2], intentional possession of a controlled substance[3], and conspiracy[4].

20. Plaintiff was listed to have a joint preliminary hearing on October 23, 2017, November 22, 2017, December 20, 2017, January 24, 2018, and February 28, 2018.

21. On February 28, 2018, at the Plaintiff's preliminary hearing the Honorable Sharon Williams-Losier dismissed the Commonwealth's prosecution citing a lack of evidence necessary to find the police, particularly Defendant Banning, did not have probable cause to stop, seize, detain, and otherwise arrest the Plaintiff for the observed conduct.

---

[1] MC-51-CR-29592-2017
[2] 35 Pa C S.A §780-113(a)(30)
[3] 35 Pa C S A §780-113(a)(16)
[4] 18 Pa C S A §903

## PLAINTIFF'S INJURIES

22. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

23. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being handcuffed;

    b. A loss of freedom due to the Defendants arresting him;

    c. A loss of enjoyment and quality of life due to the Defendants actions in restraining, arresting, and prosecuting him which caused physical and psychological injuries;

    d. A loss of employment/business/school opportunities due to the Defendants actions restraining, arresting, and prosecuting him;

    e. Loss of reputation from the Defendants actions restraining, arresting, and prosecuting;

    f. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – MALICIOUS PROSECUTION

24. Plaintiffs allege and incorporate via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

25. Plaintiff avers the Defendants initiated criminal proceedings in both cases, against him via arrest, filing a criminal complaint, processing them, and consulting the District Attorney's Office about charging him.

26. Plaintiff avers these Defendants lacked probable cause, as articulated in the United States Constitution's Fourth and Fourteenth Amendments, as well as the Constitution and related Bill of Rights for the Commonwealth of Pennsylvania, to stop, search, and detain him when they first encountered him, and lacked probable cause to arrest them and because these Defendants arrested them, their resulting imprisonment was unjust, illegal, and was the direct and causal reason they were incarcerated.

27. Plaintiff's criminal charges initiated by the Defendants terminated in his favor when he was found not guilty and had his Motion to Suppress granted.

28. Plaintiff avers the Defendants acted maliciously or for a purpose other than bringing them to justice, as Plaintiff was not committing a crime when he the police initially encountered him sitting outside his home, and nor did they watch him participate in any illegal or suspect conduct during the entirety of their investigation.

29. Plaintiff avers due to this criminal proceeding, he was subjected to and suffered a significant deprivation of liberty and freedom, in addition to public embarrassment.

30. Further, Plaintiff avers Defendants, specifically Defendant Banning, obscured the District Attorney's Office from making an independent judgment about the merits of prosecution as these Defendants failed to provide materially honest evidence and statements regarding Plaintiff, the evidence observed, and recovered.

31. Plaintiff avers but for the Defendants filing a criminal complaint based on fabricated/non-existent evidence, for completely legal conduct, he would never have had a criminal case initiated against him.

32. The Defendants directly, foreseeably, legally, and proximately caused the Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Public shame and embarrassment, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – FALSE ARREST

33. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

34. Plaintiff avers he was searched and seized within the meanings of the Federal Constitution's Fourth and Fourteenth Amendments, in addition to the Pennsylvania Constitution and its Bill of Rights, by the Defendants in relation to a police investigation for a criminal offense.

35. Plaintiff avers his seizure and resultant arrest by the Defendants was illegal and improper because the Defendants knowingly lacked a reasonable suspicion, and/or probable cause to believe he was committing a criminal offense as Plaintiff was not observed accepting currency, dispensing small unknown objects, nor interacting with suspected drug purchasers.

36. Plaintiff avers but for the Defendants actions he otherwise would not have been subjected to a search, seizure, and arrest.

37. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

### COUNT 3 – FALSE IMPRISONMENT

38. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

39. Plaintiff avers the police lacked probable cause to arrest him and that he was falsely imprisoned pursuant to this arrest.

40. Plaintiff avers he was seized within the meanings of the Federal Constitution's Fourth and Fourteenth Amendments, in addition to the Pennsylvania Constitution and its Bill of Rights, by these Defendants in relation to a police investigation for a criminal offense.

41. Plaintiff avers his seizure and resultant arrest by the Defendants was illegal and improper because the Defendants knowingly lacked a reasonable suspicion, and/or probable cause to believe he was committing a criminal offense.

42. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful incarceration, prosecution, and/or will continue to suffer the following damages: Public shame and embarrassment, Past and future costs for medical treatment and care, Loss of enjoyment of life, Loss of enjoyment of freedom, and Past and future pain and suffering, inconvenience, and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 4 – BATTERY AND ASSAULT

43. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

44. The United States Constitution's Fourth, Eighth, and Fourteenth Amendments, in addition to the Pennsylvania Constitution and its Bill of Rights, protect every citizen's rights, privileges, and immunities to be free from unreasonable search and seizure, cruel and unusual punishment/treatment, and to equal protection of the law and due process.

45. The United States and Commonwealth of Pennsylvania Constitutions protect persons from being subjected to unnecessary force and arrest while being investigated and/or stopped by police and a law

enforcement official and the Defendants violated these requirements and directly caused Plaintiff to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

46. Plaintiff avers the Defendants at no time possessed probable cause to stop, detain, arrest, and/or otherwise seize, stop, touch, handcuff, or otherwise control him.

47. Each Defendant also separately violated Plaintiff's rights when they failed to stop the other Defendant from exerting force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of unnecessary force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 5 – FAILURE TO INTERVENE

48. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

49. Within the meanings of the Federal Constitution's Fourth, Eighth, and Fourteenth Amendments, and Pennsylvania Constitution and its Bill of Rights, a police officer has a duty to protect citizens from police assaulting a person when this action is committed by fellow officers in their presence.

50. Defendants violated Plaintiff's rights when they failed to stop the other officers from restraining, assaulting, battering, seizing, and searching, the Plaintiff and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent other officers from doing the same, and each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants.

## PUNITIVE DAMAGES REQUEST

51 Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

52. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by sitting outside of his home and was never observed accepting money or exchanging small objects in any drug transaction.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

53. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

54. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
Date: November 6, 2018

## VERIFICATION

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
Date: November 6, 2018

## **VERIFICATION**

I, Kevin Seawright, hereby states that he is a plaintiff in this action and the facts set forth in the foregoing are true and correct to the best of her/his knowledge, information and belief. To the extent that this document incorporates principals of law, plaintiff has relied upon his attorney as to the accuracy and applicability of such statements of law. To the extent the document incorporates facts which are not within the personal knowledge of the plaintiff, he has relied upon the investigation of counsel. The language of this document is that of plaintiff's counsel.

Plaintiff understands the statements made herein are subject to the penalties for unsworn falsification to authorities under 18 Pa. C.S.A. §4904.

Date: 11/6/18

Kevin Seawright
4323 North Darien Street
Philadelphia, PA 19140

JS 44 (Rev 06/17) PBT  18-CV-4811

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kevin Seawright

### DEFENDANTS
Officer Patrick Banning and John/Jane 1-7

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
212-444-2039

Attorneys *(If Known)*
City Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19106

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | ☐ 893 Environmental Matters |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983, 1985, 1988
Brief description of cause: Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 11/06/2018
SIGNATURE OF ATTORNEY OF RECORD

NOV 07 2018

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG JUDGE ___

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM



Kevin Seanright

v.

Officer Patrick Banning, John/Jane Doe 1-7

CIVIL ACTION

NO. 18-4811

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (✓)

11/6/18 — David Wesley Cornish — Plaintiff
**Date** — **Attorney-at-law** — **Attorney for**

212-444-2034 — 212-535-7365 — cornerstonelegalgroup@gmail.com
**Telephone** — **FAX Number** — **E-Mail Address**

(Civ. 660) 10/02

NOV 07 2018

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18-484

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4323 North Darien Street Philadelphia, PA 19140

Address of Defendant: City Law Dept 1515 Arch Street, 14th Floor Philadelphia, PA 19106

Place of Accident, Incident or Transaction: Philadelphia, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [✓]

I certify that, to my knowledge, the within case [ ] is / [✓] is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 11/06/2018

_____
Attorney-at-Law / Pro Se Plaintiff

310865
*Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**

1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases *(Please specify)* _____

**B. Diversity Jurisdiction Cases:**

1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify)* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, David Wesley Cornish, counsel of record or pro se plaintiff, do hereby certify

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

[ ] Relief other than monetary damages is sought

NOV 07 2018

DATE: 11/06/2018

_____
Attorney-at-Law / Pro Se Plaintiff

310865
*Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)