IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SEAWRIGHT,<br>    *Plaintiff* | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| OFFICER PATRICK BANNING et al.,<br>    *Defendants* | : <br> : | NO. 18-4811 |

## MEMORANDUM

PRATTER, J.                                                                                                          JUNE 2, 2023

Kevin Seawright brought this civil rights action against Officer Patrick Banning and other John and Jane Doe officers. Mr. Seawright's complaint includes § 1983 false arrest and malicious prosecution claims. Officer Banning has filed a Motion *in Limine* to Preclude Evidence of Misconduct or Discipline in preparation for a trial scheduled to begin on June 26, 2023. For the reasons that follow, the Court grants the motion in part and denies the motion in part.

### BACKGROUND

This civil suit arises from Kevin Seawright's arrest in October 2017 and a subsequent prosecution for his alleged involvement in the sale of controlled substances. Officer Patrick Banning, a police officer for the Philadelphia Police Department, was involved in the investigation leading up to Mr. Seawright's arrest, and Officer Banning allegedly observed Mr. Seawright acting as a lookout and accepting money while his sister distributed drugs next to him. Mr. Seawright denies he was participating in such a sale.

Prior to these events, Officer Banning was allegedly disciplined for his conduct as a police officer in cases unrelated to Mr. Seawright's arrest. Officer Banning signed a warrant, falsely stating that he had reviewed the contents of the document when he had not. According to Mr. Seawright, the warrant contained knowingly false information including the timing of an alleged

1

narcotics transaction. Officer Banning's partner, who claimed he had been dishonest to protect a confidential informant from retaliation, was charged with offenses related to perjury. Although Officer Banning was not charged, the Philadelphia Police Department disciplined him for his conduct.

Mr. Seawright's complaint includes five counts: (1) malicious prosecution (Count 1); (2) false arrest (Count 2); (3) false imprisonment (Count 3); (4) battery and assault (Count 4); and (5) failure to intervene (Count 5).[1] A jury trial is currently scheduled to begin on June 26, 2023.

## LEGAL STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). "Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, prior act evidence "*may* be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2) (emphasis added); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988) ("Federal Rule of Evidence 404(b) . . . generally prohibits the introduction of evidence of extrinsic acts that might adversely reflect on the actor's character,

---

[1] The parties only allude to the false arrest, false imprisonment, and malicious prosecution claims in their proposed verdict sheets. However, no motion for leave to amend the complaint was ever filed, nor was a stipulation removing the other counts submitted to the Court. Indeed, seven unidentified officers remain defendants in this case, evidencing a seeming lack of effort to either identify such officers or to dismiss them, despite the late stage of the litigation.

2

unless that evidence bears upon a relevant issue in the case such as motive, opportunity, or knowledge."). Nevertheless, the Third Circuit Court of Appeals has affirmed that Rule 404(b) is "a rule of general exclusion," and courts do not presume that extrinsic acts are admissible. *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014).

Evidence of prior acts is admissible under 404(b) only if it is "(1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." *United States v. Davis*, 726 F.3d 434, 441 (3d Cir. 2013). Moreover, the proponent "must explain how it fits into a chain of inferences—a chain that connects the evidence to a proper purpose, no link of which is a forbidden propensity inference." *Id.* at 442; *see also Palmer v. Nassan*, 454 F. App'x 123, 126 (3d Cir. 2011) (providing that "[t]o introduce other acts" to show "plan, preparation, or opportunity . . . the proponent of the evidence must show that the prior acts are linked with the acts at issue").

"Irrelevant evidence is not admissible." Fed. R. Evid. 402. Under Rule 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence may be excluded, however, "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Evidence "is unfairly prejudicial if it appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980) (internal quotation marks omitted).

## DISCUSSION

Officer Banning moves to preclude evidence of "prior alleged misconduct, disciplinary investigations, or disciplinary history of any police officer." Def.'s Mot. in Lim. to Preclude Evid. of Misconduct or Discipline at ECF 2. He argues that Federal Rule of Evidence 404(b)(1) prohibits Mr. Seawright "from introducing evidence of prior bad acts of a witness in order to establish that the witness acted in accordance with those acts." *Id.* at ECF 4. Mr. Seawright argues in response that "[t]he specific incident sought to be introduced is to specifically demonstrate [Officer] Banning had the opportunity, intent, knowledge, . . . absen[ce] of mistake or accident" and motive. Pl.'s Resp. to Mot. in Lim. at ECF 4.

### I. The Prior Act Is Inadmissible as 404(b) Evidence

Mr. Seawright has failed to meet his significant burden under Rule 404(b) to show that this prior act comfortably fits in one of the narrow exceptions provided for in the rule. *Davis*, 726 F.3d at 441.

Here, the prior act involves Officer Banning's signature of a warrant in an unrelated case when he did not read the sworn document's contents.[2] The facts alleged by Mr. Seawright regarding Officer Banning's past bad act are not probative of opportunity, intent, knowledge, a lack of mistake or accident, or proof of motive. In Mr. Seawright's case, Mr. Seawright claims that Officer Banning "falsely claimed to have witnessed non-existent drug sales as a legal justification to search and seize" Mr. Seawright. Pl.'s Resp. to Mot. in Lim. at ECF 5. However, Mr. Seawright makes no attempt to describe an unbroken chain of permissible inferences that would suggest how

---

[2] Officer Banning broadly moves for the exclusion of the "prior alleged misconduct, disciplinary investigations, or disciplinary history of *any* police officer." Def.'s Mot. in Lim. to Preclude Evid. of Misconduct or Discipline at ECF 2 (emphasis added). As it is unclear at this time what such other misconduct or disciplinary history could be, or who the other police officers could be, the Court will refrain from making a ruling on the admissibility of any evidence of prior acts apart from Officer Banning's signature of the warrant and the ensuing disciplinary history from this misconduct.

4

Officer Banning's failure to review a warrant prior to signing it in the prior unrelated case makes it more or less likely that Officer Banning intended to arrest Mr. Seawright, or knew that the arrest was made, without a legal justification. *See Robinson v. Banning*, No. 20-cv-5442, 2021 WL 5631755, at *2 (E.D. Pa. Nov. 30, 2021) ("Whether [Officer] Banning lied about reviewing an unrelated warrant application in 2010 has no bearing on whether he actually saw the drug transactions he claimed to see in 2018, and is therefore irrelevant to whether he knew the asserted basis for Robinson's arrest was false."). Nor does Mr. Seawright spell out how the prior act proves Officer Banning's alleged motive or opportunity to violate Mr. Seawright's constitutional rights, or Officer Banning's lack of mistake in doing so. *Cf. Palmer*, 454 F. App'x at 126 ("[The plaintiff] offers little to assist us in pinpoint[ing] the evidential fact he seeks to prove by showing a plan, preparation, or opportunity. [His] argument is simply that if [the defendant] has used excessive force on past occasions, he was more likely to have used it here.") (internal quotation marks omitted).

Mr. Seawright instead rests on his contention that the prior act is relevant to "how [Officer] Banning conducts narcotics investigations"—that is, allegedly, in conformity with a character trait of bending the rules in a manner that suits him. Pl.'s Resp. to Mot. in Lim. at ECF 5. But this is precisely the type of inference that Rule 404(b) forbids. *See Palmer*, 454 F. App'x at 126 (setting forth that "the purpose that Rule 404(b) declared to be improper" is "establish[ing] the defendant['s] propensity to commit the charged act"); *see also Robinson*, 2021 WL 5631755, at *2. Therefore, to the extent Mr. Seawright intends to introduce the evidence of Officer Banning's prior act to demonstrate Officer Banning's conformity with a character trait, the Court grants Officer Banning's motion because such use of this prior-acts evidence is impermissible under Rule 404(b).

## II. The Prior Act Is Not Substantially Outweighed by the Risk of Unfair Prejudice

Because it is not clear that the prior act evidence is "inadmissible on all potential grounds," *Leonard*, 981 F. Supp. 2d at 276, the Court will consider Officer Banning's argument that, even if Mr. Seawright can identify a proper evidentiary use for the disciplinary history of the officers, it would be unfairly prejudicial to Officer Banning, and thus is properly excluded under Federal Rules of Evidence 401 and 403.

The Court will decline to grant Officer Banning's motion on this basis and will not exclude Officer Banning's prior act under Rules 401 and 403. Indeed, evidence of Officer Banning's prior act of signing a warrant without reading its contents may have significant relevance to the conduct alleged in this case because it goes to the credibility of Officer Banning, who, Mr. Seawright contends, "is the only person to have witnessed the alleged sales" made by Mr. Seawright. Pl.'s Resp. to Mot. in Lim. at ECF 5; *see* Fed. R. Evid. 608(b) ("[T]he court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness . . . .").

If circumscribed appropriately, the prior act evidence would not be unfairly prejudicial. *See Bailey v. Diguglielmo*, No. 07-cv-719, 2010 WL 2902532, at *3 (E.D. Pa. July 23, 2010) ("[T]he danger of unfair prejudice is low so long as plaintiff's questions during cross-examination are confined to [the witness's] prior acts of untruthfulness themselves . . . ."). Because the Court finds that the risk of unfair prejudice is not substantially outweighed by the evidence's probative value at this time, this evidence of Officer Banning's prior conduct will not be excluded under Rule 403 prior to trial.[3]

---

[3] In coming to this conclusion, the Court puts no stock in Mr. Seawright's argument that the prior-act evidence is not prejudicial because "the underlying incident . . . was widely published by the media on the radio, television, and the internet." Pl.'s Resp. to Mot. in Lim. at ECF 5. Evidence is not made less unfairly prejudicial because of how widely publicized it is.

## CONCLUSION

For these reasons, the Court grants in part and denies in part Officer Banning's Motion *in Limine* to Preclude Evidence of Misconduct or Discipline. An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE