IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN SEAWRIGHT, *Plaintiff* | : : : | CIVIL ACTION |
| v. | : : | |
| OFFICER PATRICK BANNING et al., *Defendants* | : : : | NO. 18-4811 |

MEMORANDUM

PRATTER, J.                                                                                         JUNE 13, 2023

Kevin Seawright brings this civil rights action against Officer Patrick Banning. Mr. Seawright's complaint includes § 1983 false arrest and malicious prosecution claims. Mr. Seawright has filed a Motion *in Limine* to Preclude Prior Convictions, Arrests and Other Contacts with Law Enforcement and Introduce Defendant's Prior Bad Act as a Police Officer in preparation for a trial now scheduled to begin on July 10, 2023. For the reasons that follow, the Court grants the motion in part and denies the motion in part.

BACKGROUND

This civil suit arises from Kevin Seawright's arrest in October 2017 and a subsequent prosecution for his alleged involvement in the sale of controlled substances. Officer Patrick Banning, a police officer for the Philadelphia Police Department, was involved in the investigation leading up to Mr. Seawright's arrest, and Officer Banning allegedly observed Mr. Seawright acting as a lookout and accepting money while his sister distributed drugs next to him. Mr. Seawright denies he was participating in such a sale.

Mr. Seawright has several convictions in state court. On August 13, 2013, he was convicted of possession with intent to deliver and sentenced to a minimum of 6 months and a maximum of 23 months of confinement followed by 3 years of probation. On September 25,

1

2014, Mr. Seawright was again convicted of possession with intent to deliver and sentenced with the same minimum and maximum periods of confinement and the same term of probation as his 2013 conviction. On March 14, 2023, in two cases with separate dockets, Mr. Seawright was convicted of attempted murder and conspiracy and sentenced to a minimum of five and a half years of confinement and a maximum of 11 years.

Three claims will proceed to trial: (1) malicious prosecution; (2) false arrest; and (3) false imprisonment. A jury trial is scheduled to begin on July 10, 2023.

## LEGAL STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). "Evidence should not be excluded pursuant to a motion in limine, unless it is clearly inadmissible on all potential grounds." *Leonard v. Stemtech Health Scis., Inc.*, 981 F. Supp. 2d 273, 276 (D. Del. 2013).

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . and . . . the fact is of consequence in determining the action." Fed. R. Evid. 401. Generally, only "relevant evidence is admissible." Fed. R. Evid. 402. Evidence of a witness's prior convictions can be relevant "to [his] character for truthfulness because the jury is entitled to weigh [his] credibility as a witness if [he] testifies at trial." *Prescott v. R&L Transfer, Inc.*, No. 11-cv-203, 2015 WL 12564230, at *1 (W.D. Pa. Apr. 13, 2015). However, courts should exclude even relevant evidence if "its probative value is

substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts may not be admitted "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The same rule does not prohibit such evidence being used "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Federal Rule of Evidence 609(a) provides that "evidence of a criminal conviction . . . for a crime that, in the convicting jurisdiction, was punishable . . . by imprisonment for more than one year . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant" for impeachment purposes.[1] Fed. R. Evid. 609(a)(1)(A). The policy behind Rule 609 stems from "the common sense proposition that one who has transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath." *Walden v. Ga.-Pac. Corp.*, 126 F.3d 506, 523 (3d Cir. 1997). But because "Rule 609 is subject to Rule 403, courts must consider whether the probative value of a prior conviction is substantially outweighed by the prejudicial effect of admitting the conviction." *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014). Specifically, courts should weigh four factors, "namely (1) the kind of crime involved, (2) when the conviction occurred, (3) the importance of the witness'[s] testimony to the case, and (4) the importance of the credibility" of the witness. *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007). The ultimate inquiry is

---

[1] Mr. Seawright does not contest the fact that his convictions in the Philadelphia Court of Common Pleas were punishable by imprisonment for more than one year.

"whether the admission of this conviction ha[s] the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." *Sharif*, 740 F.3d at 274 (internal quotation marks omitted).

## DISCUSSION

Mr. Seawright seeks to preclude the introduction of evidence of his prior state convictions, arguing that the convictions do not involve fraud or dishonesty, would be introduced solely as improper propensity evidence in contradiction of Federal Rule of Evidence 404(b), and are sufficiently unfairly prejudicial as to outweigh any probative value. Pl.'s Mot. in Lim. to Preclude Prior Convictions at ECF 3.[2] Officer Banning argues that the fact of Mr. Seawright's prior convictions are admissible for the limited purpose of impeachment under Federal Rule of Evidence 609.

As an initial matter, the Court notes that Officer Banning does not assert that he was aware of Mr. Seawright's 2013 and 2014 convictions at the time he was observing Mr. Seawright in October 2017. Thus, apart from the potential use for impeachment purposes under Rule 609, evidence of those earlier convictions have limited probative value as to whether Officer Banning had probable cause to arrest Mr. Seawright in 2017. *Cf. Lopez v. City of Lancaster*, No. 19-cv-5104, 2021 WL 5279880, at *2 (E.D. Pa. Nov. 12, 2021) (excluding plaintiff's 10-year-old conviction for police assault in § 1983 excessive force case where defendant officer had not been aware of the conviction at the time of the arrest at issue).

---

[2] Mr. Seawright also seeks the admission of a prior act of Officer Banning under Federal Rule of Evidence 404(b). The Court has previously ruled that Officer Banning's prior act is not admissible under Rule 404(b). *See Seawright v. Banning*, No. 18-cv-4811, 2023 WL 3806362, at *2–*3 (E.D. Pa. June 2, 2023). Therefore, the Court denies Mr. Seawright's motion insofar as it relates to the admission of the prior act evidence and instead focuses on the portion of Mr. Seawright's motion that bears on the introduction or exclusion of Mr. Seawright's prior conviction evidence.

4

Turning to the test set forth in *Greenidge*, the Court first considers the nature of Mr. Seawright's 2013, 2014, and 2023 convictions. None of these convictions is obviously indicative of Mr. Seawright's character for veracity. *See Sharif*, 740 F.3d at 273 n.10 (quoting *Gordon v. United States*, 383 F.2d 936, 940 (D.C. Cir. 1967)) ("[I]n common human experience acts of deceit, fraud, cheating, or stealing, for example, are universally regarded as conduct which reflects adversely on a man's honesty and integrity[, while] [a]cts of violence . . . generally have little or no direct bearing on honesty and veracity."). While drug offenses are not traditionally considered crimes of dishonesty, however, courts in this district have concluded that crimes relating to distributions of drugs may be more than minimally probative of a witness's character for truthfulness. *See Lopez*, 2021 WL 5279880, at *4 (collecting cases); *United States v. Cooper*, No. 19-cr-001, 2021 WL 3732789, at *7 (E.D. Pa. Aug. 24, 2021) ("[P]rior drug convictions are relevant to a defendant's veracity because a drug trafficker lives a life of secrecy and dissembling in the course of that activity . . . ."); *Tate v. City of Phila.*, No. 13-cv-131, 2014 WL 4249765, at *3 (E.D. Pa. Aug. 28, 2014) ("Prior drug convictions have probative value for impeachment purposes under Rule 609(a)(1)."). So, this first factor leans slightly in favor of the admission of the 2013 and 2014 convictions, but against the admission of the 2023 conviction.

On the second factor—that is, when the convictions occurred—the 2013 and 2014 convictions are nearly 10 and 9 years old, respectively, which limits the probative value of that evidence.[3] *See Sharif*, 740 F.3d at 273 ("When a prior conviction is not 'remote in time' from the time of the trial, it is more relevant to the case at hand than when it is an older conviction.");

---

[3] It should be noted, however, that none of Mr. Seawright's convictions discussed in this memorandum fall within the purview of Federal Rule of Evidence 609(b), which applies only "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Where Rule 609(b) does apply, the Rule 403 balancing test is effectively flipped, and the conviction at issue may only be admitted into evidence if its "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

5

*Tate*, 2014 WL 4249765, at *4 (finding that eight-year-old conviction for intent to distribute narcotics had diminished probative value but was not so remote as to be irrelevant). By the same logic, because only a few months have passed since Mr. Seawright's 2023 conviction, it is more probative than his older convictions. *Sharif*, 740 F.3d at 273.

The overlapping third and fourth *Greenidge* factors focus on the importance of the witness's testimony and his credibility to the claim. There can be little doubt that Mr. Seawright's testimony and credibility are essential to his suit, particularly because "the jury will be left almost exclusively with the testimony [of] the parties and other arresting officer[s] and tasked with weighing their credibility." Def.'s Resp. in Opp. to Pl.'s Mot. in Limine at 3; *see Sharif*, 740 F.3d at 273 (finding that § 1983 plaintiff's "testimony was very important as he was his only witness, and for that very reason, his credibility was also crucial to his claim"); *Prater v. City of Phila.*, No. 11-cv-667, 2012 WL 3930063, at *2 (E.D. Pa. Sept. 7, 2012) ("This case depends upon the jury believing [the plaintiff's] testimony as opposed to that of [police officers]. [The plaintiff's] testimony therefore will be necessary to establish his claims . . . ."). Indeed, it appears that the only non-party witness Mr. Seawright intends to call is his sister, Celeste Seawright. Because Mr. Seawright's testimony and credibility are "paramount," these factors weigh in favor of the admission of conviction evidence. *Lopez*, 2021 WL 5279880, at *4.

Having conducted the requisite balancing test laid out by the Third Circuit Court of Appeals, the Court finds that the scales tilt in favor of admitting evidence of Mr. Seawright's convictions. However, the Court is mindful that the 2013 and 2014 convictions are for possession with the intent to distribute, thus "the nature of the conviction[s] [are] closely related to the issue at trial," which creates a distinct risk of the jury making an improper propensity inference. *Sharif*, 740 F.3d at 273; *see also Prater*, 2012 WL 3930063, at *2 ("When prior

convictions are based on similar conduct, they generally should be admitted sparingly because there is an inevitable pressure on lay jurors to believe that if he did it before he probably did it this time.") (internal quotation marks omitted). Also of significance is the fact that Mr. Seawright's 2023 conviction includes a charge of attempted murder, which could potentially inflame a jury. *Cf. Tabron v. Grace*, 898 F. Supp. 293, 296 (M.D. Pa. 1995) ("A murder conviction . . . has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired."). There is a fair middle path in circumstances such as this, and "admission of less prejudicial evidence—namely, the fact of [Mr. Seawright's] conviction of a crime and resulting imprisonment without further detail—would balance these conflicting interests." *Perryman v. H & R Trucking*, 135 F. App'x 538, 541 (3d Cir. 2005); *see also Womack v. Smith*, 06-cv-2348, 2012 WL 1245752, at *4 (M.D. Pa. Apr. 13, 2012) (prohibiting defendants from impeaching § 1983 plaintiff with any details of his crimes of violence absent an "opening of the door" on direct examination).

Therefore, if Mr. Seawright testifies at trial, Officer Banning may introduce the fact of Mr. Seawright's 2013, 2014, and 2023 state convictions for impeachment purposes only, but the crimes and other details relating to those convictions will not be admitted. The parties may propose an appropriate limiting instruction for the jury relating to the admissible evidence. *See* Fed. R. Evid. 105 ("If the court admits evidence that is admissible . . . for a purpose—but not . . . for another purpose—the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

7

CONCLUSION

For these reasons, the Court grants in part Mr. Seawright's Motion *in Limine* to Preclude Prior Convictions, Arrests and Other Contacts with Law Enforcement and Introduce Defendant's Prior Bad Act as a Police Officer to the extent the motion relates to the use of Mr. Seawright's 2013, 2014, and 2023 convictions as propensity evidence. The Court denies the motion in part to the extent it relates to the admission of the fact of Mr. Seawright's convictions for impeachment purposes and the admission of Officer Banning's prior bad act under Federal Rule of Evidence 404(b). An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE